**Office of the Attorney General**
and Office of Immigration and
Naturalization of the
Commonwealth of the
Northern Mariana Islands,
Petitioners/Appellees,

**v.**

Ceferina A. **Paran**,
Respondent/Appellant.
Appeal No. 93-014
Civil Action No. 93-0019
October 6, 1994

Argued and Submitted December 9, 1993

Counsel for appellant: Reynaldo O. Yana, Saipan.

Counsel for appellees: Thomas E. Sheldon, Assistant Attorney General, Saipan.

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

DELA CRUZ, Chief Justice:

## I. FACTS

The respondent/appellant, Ceferina A. Paran, is a nonresident alien who entered the Commonwealth for employment as a houseworker. Her nonimmigrant entry permit expired on January 22, 1992.

Seven months before her entry permit expired, Paran filed a complaint with the Commonwealth Division of Labor ("Labor") against her employer for non-payment of wages and for assault and battery (Labor Case No. 155-91).[1] She sought, among other relief, a transfer to another employer pursuant to 3 CMC § 4444(e)(5).

On May 21, 1992, almost a year after filing Labor Case No. 155-91, the Chief of Labor undertook to investigate the matter. Pursuant to 3 CMC § 4444(a)(1), the Chief issued a "Determination and Notice of Warning and Request to Correct Violation" to Paran's former employer. The employer thereafter remitted to the Chief of Labor Paran's back wages and return airfare to her country of origin, the Philippines. *See Office of the Attorney General v. Paran*, Civ. No. 93-0019 (N.M.I. Super. Ct. Apr. 5, 1993) (Order of Deportation). The Chief of Labor instructed Paran to leave the Commonwealth. By the time Labor issued its May 21, 1992, determination, Paran's nonimmigrant entry permit had been expired for almost four months.[2]

The Office of Immigration and Naturalization ("Immigration") asserts that the case was settled in Paran's favor. Paran disputes this contention on the ground that she was not allowed to transfer to a new employer.

Paran failed to depart from the Commonwealth as instructed. On January 5, 1993, the Attorney General and Immigration filed a petition to deport her. The Superior Court issued an order to show cause why Paran should not be deported. On January 8, 1993, Paran filed a notice of hearing in Labor Case No. 155-91 seeking relief in the form of a transfer to a new employer.[3] However, the record does not establish Labor's final action on Paran's request.

On April 5, 1993, the trial court ordered Paran deported on the ground that her entry permit had expired. No stay of the order was sought and she was deported.

■ This appeal followed. We have jurisdiction pursuant to 3 CMC § 4342 and 1 CMC § 3102(a). We affirm the order of deportation.

## II. ISSUES AND STANDARD OF REVIEW

■ The sole issue before us is whether "the court err[ed] in ordering the deportation of the appellant in spite of the fact that the Chief of Labor had not issued a notice of violation and given the appellant a meaningful hearing." Appellant's Brief at 3. Paran claims that her right to due process of law entitled her to a stay of the deportation proceedings. She argues that a stay was necessary to enable Labor to determine whether she was entitled to a transfer to another employer based on the assault and battery allegedly committed against her by her former employer.

Our review of the issue raised is de novo. *Office of the Attorney General v. Rivera*, 3 N.M.I. 436, 441 (1993).

## III. ANALYSIS

It is undisputed that Paran remained in the Commonwealth after her entry permit expired and was thus subject to deportation. *See* 3 CMC § 4434(g). The particular issue we confront is whether due process required the trial court to stay Paran's deportation proceedings so that Paran could pursue her assault and battery claim at Labor and be given the opportunity to transfer to another employer.

### A. Mootness

■ We begin by noting that Paran has already been

---

[1] Paran's action before the Division of Labor was designated *In the Matter of Ceferina A. Pa[r]an*, Labor Case No. 156-91, and *Paran v. Sablan*, Labor Case No. 155-91. *See* Appellant's Excerpts of Record at Excerpts 7 and 10. Because the parties refer the Court to these cases as Paran's sole action before the Division of Labor, we consider both references to be part of the same Labor case, which we shall refer to as Case No. 155-91. Paran filed her complaint on May 31, 1991. Transcript of Proceedings at 15:6, *Office of the Attorney General v. Paran*, Civ. No. 93-0019 (N.M.I. Super. Ct. Mar. 22, 1993).

[2] Nonimmigrant Entry Permit No. S-46369 was issued to Paran on February 1, 1991. It expired by its terms on January 22, 1992.

[3] This administrative notice of hearing is not in the trial or appellate record. However, a Division of Labor witness read the notice of hearing into the record during a hearing before the trial court on March 22, 1993. Transcript of Proceedings, *supra* note 1, at 29:9-18.

deported. We therefore have raised the issue of mootness and requested argument as to why the appeal before us should not be dismissed on that basis. We are satisfied that the matter is not moot because of the effect the deportation order has on Paran's ability to reenter the Commonwealth. *See* 3 CMC § 4322(d) (a resident alien who is deported may not reenter the Commonwealth for five years from the date of deportation). We shall therefore address the issue presented.

## B. Due Process

■In *Rivera*, we reversed a deportation order on due process grounds. We held that Rivera and other appellants were entitled to remain in the Commonwealth, although their tourist visas had expired, in order to prosecute their unpaid wage complaints. We stated: "'In an administrative proceeding where a person's life, liberty, or property is at stake, Article I, § 5 of the Commonwealth Constitution requires, at a minimum, that the person be accorded meaningful notice and a meaningful opportunity to a hearing, appropriate to the nature of the case.'" 3 N.M.I. at 445 (quoting *Office of the Attorney General v. Deala*, 3 N.M.I. 110, 116 (1992)).

In *Deala*, we vacated a deportation order on statutory grounds. We held that Deala, a nonresident alien, was entitled to remain in the Commonwealth for thirty days after the Director of the Department of Commerce and Labor had made a determination on Deala's unpaid wage complaint. 3 N.M.I. at 117-19.

At issue in *Deala* and *Rivera* were valid and unresolved claims for non-payment of wages made by nonresident aliens subject to deportation. In this case, Paran asserts that due process required a stay of the deportation proceeding so that she *could have pursued* a transfer to another employer based on her claim of assault and battery.

Paran argues that the trial court erred in refusing to stay the deportation hearing pending Labor's consideration of her request for a transfer. In her argument to the trial court, she stated, through counsel:

> This is not a case, a claim for damages, . . . it's only a claim of transfer. That was in the complaint itself. It never asked for damages . . . . The complaint only said, I got—I have to get out of my—from my employer because she beat me up, therefore, I'd like to be transferred.

Transcript of Proceedings at 40:5-10, *Paran*, Civ. No. 93-0019 (N.M.I. Super. Ct. Mar. 22, 1993). In other words, Paran did not seek damages or injunctive relief against her former employer based on assault and battery. Rather, she sought from Labor a transfer to another employer because of the alleged assault and battery. In requesting a stay of the deportation proceeding, Paran simply asserted that she had a right to transfer to another employer.

■ The Nonresident Workers Act[4] ("Act") provides Labor with two methods of resolving a labor dispute. The first is to issue a warning and request to correct. 3 CMC § 4444(a)(1). The second is to issue a notice of violation and to conduct a hearing. 3 CMC § 4444(a)(2).

Here, Labor followed the first method. On May 21, 1992, Labor issued a "Determination and Notice of Warning and Request to Correct" ("notice of warning") to Paran's former employer. The record shows that the violation was corrected by Paran's employer, who paid Paran's unpaid wages and provided her airfare back to the Philippines. Paran's request for a transfer to a new employer based on the assault and battery allegedly committed by her employer was not addressed in the notice of warning, and Paran did not pursue a transfer after that until the government initiated deportation proceedings against her.

■ Labor had the discretion to follow the first method, noted above, and issue a notice of warning. The Act does not require Labor to follow the second method of resolving labor violations. Nothing in the Act imposes a duty on Labor to grant Paran a transfer to another employer. A transfer is, in short, a discretionary remedy.

Labor may "[t]ransfer an affected non-resident worker to another employer with the consent of the worker and new employer." 3 CMC § 4444(e)(5). Paran failed to demonstrate to the trial court that she was entitled to a transfer because she never established that there was a "new employer" that would hire her or that any such new employer would consent to a possible transfer. Moreover, at the time of the Labor investigation Paran's entry permit had been expired for over three months.

■In summary, the Chief of Labor had the discretion to issue the notice of warning. The record shows that Paran's employer complied with Labor's request to correct the violation. Labor's administrative action was

---

[4] 3 CMC § 4411 et seq.

appropriate under the Act. The fact that Labor did not permit a transfer is of no consequence in this deportation action.[5]

■ Paran's argument that she was entitled as a matter of a due process to a stay of the deportation proceedings would be viable only if she had brought a civil action against her former employer for damages resulting from the alleged assault and battery. Paran did not do this, and she cannot do so now.

■ Labor does not have the authority to adjudicate a nonresident worker's claim for damages arising from assault and battery. Labor's enforcement power is limited to violations committed under the Act, under its rules and regulations, or under any contract or agreement entered pursuant to the Act. *See* 3 CMC § 4444(a).

Under the Act, Labor may only *investigate* a claim of injury, including injury resulting from assault and battery. Thereafter, Labor must report the claim of injury, if it resulted in substantial mental or physical impairment, to the Attorney General. *See* 3 CMC § 4441. It cannot adjudicate damages claims.

■ Aside from the Act, the Alien Labor Rules and Regulations do not authorize Labor to award damages for a nonresident worker's claim of injury based on assault and battery inflicted by an employer. *See* 10 Com. Reg. 5512 et seq. (Apr. 15, 1988). Only the Superior Court may adjudicate such a claim. *See* 1 CMC § 3202.

No civil complaint was ever filed by Paran for damages based on the alleged assault and battery, even though counsel was alerted at the time of the deportation proceedings by both the trial court and opposing counsel that such a complaint could then have been filed. Transcript of Proceedings, *supra*, at 40:1-4; 42:16-23. Paran's cause of action for assault and battery, which accrued on May 27, 1991, now appears to be barred by the two-year statute of limitations. *See* 7 CMC § 2503(a).

■ Paran's failure to file a timely damage claim in the Superior Court precludes her from making a colorable argument that the decision not to stay the deportation proceeding violated her right to due process. She was not litigating any claim in the Commonwealth at the time of her deportation. Therefore, her due process rights were not violated. The deportation order was proper because her permit had expired and there was no legal basis for her to remain in the Commonwealth.

■ Our holding does not mean, however, that Paran's due process right to remain in the Commonwealth was not implicated. Had she filed a timely civil complaint for assault and battery, a stay of the deportation proceedings might have been warranted. That is the principal distinction between this case and *Rivera* and *Deala*. In the latter cases, the petitioners, at the time of the deportation hearings, had asserted viable claims for non-payment of wages. The Commonwealth Constitution guarantees nonimmigrant aliens the right to resolve disputed claims against their employers before becoming subject to deportation. *Rivera*, 3 N.M.I. at 445. Here, however, Paran did not assert a viable claim. She claims an unfounded right to transfer to another employer. We hold that the trial court did not err by denying Paran's request to stay the deportation proceedings.

## IV. CONCLUSION

We wish to note that we are very disturbed at Labor's failure to promptly investigate Paran's complaint. We are not informed by the government as to the reason why it took Labor over a year to investigate this case. When Paran filed her complaint, her entry permit was not scheduled to expire for at least seven months. Thus, her request for a transfer to another employer was potentially viable and Labor, at that time, had the discretion to allow a transfer, assuming the assault and battery allegations were meritorious. Because Paran's entry permit had expired by the time Labor concluded its investigation, Labor decided, for an unidentified reason, not to permit a transfer.

Because Labor's decision to transfer is discretionary, and Paran's entry permit had expired well before Labor's decision was issued, the petition to deport was, therefore, appropriately filed by the Attorney General. We **AFFIRM** the deportation order.

---

[5] The appellees complain that Paran has abused the system by attempting to reopen Labor Case No. 155-91 six months after the Division of Labor issued a decision. They claim that Paran's right to a stay was barred by the doctrine of laches. Because of our disposition of this matter, we do not address this argument.